UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Cleveland-Cliffs, Inc.,                                          Civ. No. 21-1293 (PAM/DTS)

                    Plaintiff,

v.                                                         **MEMORANDUM AND ORDER**

Ravikant Ruia and Essar
Global Fund Limited,

                    Defendants.

_____

This matter is before the Court on Defendant Essar Global's Motion to Dismiss.  For

the following reasons, the Motion is denied.

**BACKGROUND**

Plaintiff Cleveland-Cliffs Inc. is the largest flat-rolled steel company and iron ore pellet

producer in North America and has operated iron ore mines in Minnesota for more than 100

years.  (Compl. (Docket No. 1) ¶ 8.)  Defendant Ravikant Ruia ("Ruia") is the co-founder of

Defendant Essar Global Fund Limited ("Essar Global"), a holding company. [1]  (Id. ¶¶ 9-10,

16.)

In 2008, ESML, a subsidiary of Essar Global, purchased the then-defunct, former

Butler Taconite iron ore mine in Nashwauk, Minnesota.  (Id. ¶¶ 16-17.)  ESML attempted to

build a functioning mine on the site.  (Id. ¶ 17.)  In 2016, after falling behind on payments to

vendors, lenders, and contractors, ESML declared bankruptcy.  (Id. ¶¶ 17-18.)   After the

_____

[1] Ruia has not been served and has not appeared.  Unless Cleveland-Cliffs files proof of
service within 30 days or shows good cause as to why it has not served Ruia, the Court will
dismiss this action as to Ruia for failure to prosecute.

bankruptcy, ESML changed its name to Mesabi Metallics, and "continued its pattern of breaching its obligations in its lease agreements with the State of Minnesota."  (Id. ¶ 19.) Since 2019, Essar Global has held an ownership interest in Mesabi Metallics.  (Id. ¶ 20.)

In February 2019, the Minnesota Department of Natural Resources ("DNR") sought to prevent Essar Global from conducting business in Minnesota.  (Id. ¶ 21.)  Essar Global then sued the DNR, but the case was dismissed.  (Id.)  Ultimately, in May 2021, the Minnesota DNR announced that Mesabi Metallics' leases on the mine were terminated.  (Id. ¶ 23.)

On May 26, 2021, Essar Global purchased an advertisement in the Star Tribune and published a one-page letter about its work at the Nashwauk mine, which was titled, "Why are two Parties with Good Intentions at Odds with Each Other."  (Id. ¶¶ 2, 24.)  Ruia, who signed the letter, addressed it to "Dear Minnesotans."  (Id. ¶ 24.)  The letter explained that the project had come a long way and that Ruia and Essar Global were committed to seeing it through, hoping to complete it by 2023.  (Id. Ex. 1.)  The relevant portion of the letter stated, "Mesabi Metallics has invested more than $1.5 billion on a mine that has been closed for 35 years. Over these decades, no other mining company in Minnesota invested or attempted to revive the mine."  (Id. ¶ 27.)

Cleveland-Cliffs alleges that this statement is defamatory because "[f]or several years, Cleveland-Cliffs repeatedly and publicly has expressed a willingness and ability to mine the site."  (Id. ¶ 29.)  In 2015 and 2016, Cleveland-Cliffs "invested time and money . . . into potential business plans for the site."  (Id.)  Cleveland-Cliffs also bid on ESML's assets during its bankruptcy.  (Id.)  In 2017, "ESML let private mineral leases expire, [and Plaintiff] spent millions to acquire those mineral rights."  (Id.)  In 2018, Cleveland-Cliffs "submitted a request

to [the Minnesota] DNR . . . to modify, transfer[], or revoke parts of Mesabi's permit to mine affecting Cleveland-Cliffs' newly acquired parcels." (<u>Id.</u>)  The DNR denied this request. Cleveland-Cliffs claims to have spent more than $50 million on these efforts. (<u>Id.</u> ¶ 5.)

Cleveland-Cliffs asserts that Star Tribune readers would understand that the challenged statement referred to Cleveland-Cliffs, because it is one of only two other mining companies in Minnesota. (<u>Id.</u> ¶ 40.)  Cleveland-Cliffs further contends that Essar Global and Ruia knew of its efforts to become involved in the project; thus, they acted with the requisite malice or negligence in making the statement in the letter. (<u>Id.</u> ¶¶ 30, 34.)

The single-count Complaint alleges a claim of libel per se, seeking compensatory and punitive damages and injunctive relief to prevent further defamation. (<u>Id.</u> ¶ 7.)  Essar Global moves to dismiss the claim under Rule 12(b)(6).

**DISCUSSION**

To survive a motion to dismiss under Rule 12(b)(6), a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)); <u>see also</u> Fed. R. Civ. P. 12(b)(6).  A claim bears facial plausibility when it allows the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678.  When evaluating a motion to dismiss under Rule 12(b)(6), the Court must accept plausible factual allegations as true. <u>Gomez v. Wells Fargo Bank, N.A.</u>, 676 F.3d 655, 660 (8th Cir. 2012).  But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to support a claim. <u>Iqbal</u>, 556 U.S. at 678.  At this stage, the Court assumes the allegations in

the Complaint are true and views them in the light most favorable to Cleveland-Cliffs.  See Miller v. Redwood Toxicology Lab., Inc., 688 F.3d 928, 933 n.4 (8th Cir. 2012).

To plead a defamation claim, a plaintiff must allege that "the defendant published a false statement of fact that concerns the plaintiff and tends to harm the plaintiff's reputation or to lower [its] in the estimation of the community."  D.W. v. Radisson Plaza Hotel Rochester, 958 F. Supp. 1368, 1381 (D. Minn. 1997) (quotation and citation omitted).  A statement is defamatory if "a reasonable person would believe the statement to be defamatory."  Anderson v. Kammeier, 262 N.W.2d 366, 372 (Minn. 1977).  "A plaintiff does not have to be specifically named in the defamatory statement so long as a reader by fair implication would understand the statement to be directed at the plaintiff."  Glenn v. Daddy Rocks, Inc., 171 F. Supp. 2d 943, 948 (D. Minn. 2001) (Doty, J.).  Indeed, "where the libelous article contains reference to matters of description or to facts and circumstances from which others reading the article may know the plaintiff was intended," a plaintiff need not be named.  Tholen v. Assist Am., Inc., 970 F.3d 979, 983 (8th Cir. 2020) (quoting Dressel v. Shippman, 57 Minn. 23, 58 N.W. 684 (1894)).  And "whether an allegedly defamatory statement concerns the plaintiff is generally a question of fact for the jury."  Id. (quotation omitted).

Cleveland-Cliffs contends that the challenged statement is defamatory per se.  "Defamation per se . . . [is] actionable without any proof of actual damages."  Bahr v. Boise Cascade Corp., 766 N.W.2d 910, 920 (Minn. 2009) (quotation omitted).  "[F]alse statements about a person's business, trade, or professional conduct" are libelous per se.  Becker v. Alloy Hardfacing & Eng'g Co., 401 N.W.2d 655, 661 (Minn. 1987); see Reisdorf v. i3, LLC, 129

F. Supp. 3d 751, 764 (D. Minn. 2015) (Frank, J.) (same).

Here, the allegedly defamatory statement is: "[o]ver these decades, no other mining company in Minnesota invested or attempted to revive the mine."  Essar Global moves to dismiss the Complaint, contending that the statement is not defamatory, does not refer to Cleveland-Cliffs, and cannot be proven false.  Cleveland-Cliffs contends that this statement is defamatory per se because it harmed Cleveland-Cliffs' reputation by falsely suggesting that Cleveland-Cliffs had no interest in the mining project when in fact Cleveland-Cliffs had publicly expressed interest in the project.  (Compl. ¶ 29.)

Construing as true Cleveland-Cliffs' assertions that it spent at least $50 million to acquire private mineral rights and parcels of land at the site (id. ¶¶ 5, 29), Ruia's statement that "no other mining company . . . invested or attempted to revive the mine" is plausibly libelous per se for the purposes of this Motion. Although much of the letter reads an as advertisement applauding Mesabi Metallics' accomplishments at the site and contributions to Minnesota, the at-issue sentence could lead a reasonable person to believe that Cleveland-Cliffs had done nothing at the site and that it is not interested in doing so. Cleveland-Cliffs has sufficiently stated its defamation claim.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motion to Dismiss (Docket No. 13) is **DENIED**.

Dated: <u>Wednesday, November 3, 2021</u>

<u>s/ Paul A. Magnuson</u>
Paul A. Magnuson
United States District Court Judge