**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Cleveland-Cliffs Inc.,                                Case No.: 21-cv-1293 (KMM/DTS)

      Plaintiff,

v.                                                                        **PROTECTIVE ORDER**

Ravikant Ruia and
Essar Global Fund Limited,

      Defendants.

---

The parties filed a stipulation for protective order (Dkt. No. 35), which the Court approves. Based on the stipulation, **IT IS HEREBY ORDERED:**

I.     **DEFINITIONS**

    (a)    "Action" means this lawsuit, *Cleveland-Cliffs Inc. v. Ravikant Ruia and Essar Global Fund Limited*, D. Minn. Case No. 21-cv-1293 (PAM/DTS).

    (b)    "Cliffs" means Plaintiff Cleveland-Cliffs Inc.

    (c)    "Designated Information" means Documents designated "Confidential" or "Highly Confidential – Outside Attorneys' Eyes Only" pursuant to the terms of this Protective Order.

    (d)    "Destroy," in the context of electronically stored information, means to delete from all databases, applications, and file systems such that the information is not accessible without the use of specialized tools or techniques typically used by a forensic expert.

(e)     "Disclosing Party" means a Party which uses or offers Designated Information, and all information contained therein or derived therefrom, into evidence at trial or any hearing in the Action held in open court.

(f)     "Document" means any material within the scope of Federal Rule of Civil Procedure 34.

(g)     "Essar Global" means Defendant Essar Global Fund Limited.

(h)     "Information" means Documents, portions of documents, interrogatory responses, other discovery responses, statements, testimony, transcripts, and any other similar materials created or produced in the course of this Action.

(i)     "Misdesignated Material" means Documents or Information disclosed as un-designated or incorrectly designated that are entitled to another designation pursuant to this Protective Order.

(j)     "Notice" or "Notify" means written notice.

(k)     "Outside Vendor" means outside service providers not actually employed by a Party or its attorneys providing services in connection with the Action, such as duplication services, document coding, ESI hosting or analysis, clerical, and/or other services.

(l)     "Party" means Cliffs, Essar Global, and/or Ravikant Ruia.

(m)"Producing Party" means a Party or non-party person or entity that discloses or is requested to disclose Documents or Information.

(n)     "Protected Information" is information protected by any applicable privilege or protection from disclosure, including, but not limited to, attorney client privilege and/or the attorney work-product doctrine.

2

(o)     "Receiving Party" means a Party or non-party person or entity that receives Documents or Information from a Producing Party.

(p)     "Ruia" means Defendant Ravikant Ruia.

(q)     "Written Assurance" means an executed document in the form attached to this Protective Order as Exhibit A.

## II.     INFORMATION DESIGNATED CONFIDENTIAL OR HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY

(a)     Any Producing Party may designate Information as Confidential or Highly Confidential – Outside Attorneys' Eyes Only in accordance with the following provisions:

   (i)     <u>Confidential</u>: Information may be designated "Confidential" to the extent that a Producing Party in good faith believes (or with respect to documents received from another person, has been reasonably advised by such person) that such information includes non-public, confidential, proprietary or commercially sensitive information including, without limitation, trade secrets or other confidential or proprietary research, development, business plans, commercial information, or financial information; information that is believed to unreasonably invade the privacy of any individual; or information that could cause injury to a person or entity's business or reputation.

   (ii)    <u>Highly Confidential – Outside Attorneys Eyes Only</u>: Information may be designated "Highly Confidential – Outside Attorneys' Eyes Only" only to the extent that a Producing Party in good faith believes that disclosing such information to persons to whom such information otherwise would

3

be disclosed absent such designation may cause significant commercial or competitive injury to the Party due to its substantial current commercial or competitive significance, thus requiring this additional, exceptional level of protection.  For clarity, the Parties agree that current confidential trade secrets, research, development, pricing information, nonpublic financial results and projections, product specifications, mine operations information and strategies, royalty rate information, or other information of similar character, and information derived therefrom, may be designated as "Highly Confidential – Outside Attorneys' Eyes Only." By including these examples, neither Party concedes that these types of documents are relevant or discoverable in this case.

(b)     Designated Information shall be deemed and treated as such, unless and until counsel for the Producing Party stipulates in writing that such Designated Information may be reclassified or until a court order is entered modifying the designation made by the Producing Party.  By complying with the designation of Designated Information under the terms of this Protective Order, the Receiving Party shall not be deemed to have agreed with or consented to the Producing Party's classification of such information as Designated Information for purposes of admissibility as evidence in the Action.

(c)     <u>Manner of Designation</u>.  All Designated Information is to be designated by the Producing Party as such by marking every such page "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE

ORDER," as applicable.  Such markings must not obliterate or obscure the content of the material that is produced.  Where marking every page of such material is not reasonably practicable, such as with certain native file documents, a Producing Party may designate material by informing the Receiving Party in writing in a clear and conspicuous manner at the time of production of such material that such material is "Confidential" or "Highly Confidential – Outside Attorneys' Eyes Only."

(d)    <u>Failure to Designate</u>.  A Party's disclosure of Misdesignated Material shall not be deemed a waiver of that Party's ability to request another designation pursuant to this Protective Order at any time thereafter.  If the Producing Party seeks to re-designate Misdesignated Material, it shall provide notice to the Receiving Party by identifying any Misdesignated Material and providing the new designation for such material.  The Producing Party shall then provide to the Receiving Party replacement copies of the Misdesignated Material with the new designation.  Pending the provision of replacement copies, the Receiving Party shall treat the Misdesignated Material as if it were designated in accordance with the request of the Producing Party and shall verify in writing that it has taken all commercially reasonable steps to return or destroy such Misdesignated Material.  A Producing Party may also at any time de-designate any Designated Information.

(e)    <u>Manner of Objecting to Designated Information</u>.  A Receiving Party may object to any designation given to Designated Information at any time.  A Receiving Party shall not be obliged to challenge the propriety of a confidentiality

designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  The failure of any Party to challenge the designation by a Producing Party during the discovery period shall not be a waiver of that Party's right to object to the designation at any trial or hearing in the Action.  An objection shall be made by giving notice to the Producing Party, which notice shall identify with particularity the items as to which the designation is challenged and propose a new designation for each item.  Before filing any motions related to an objection to a confidentiality designation with the Court, the Receiving Party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement.  If the Producing Party fails to re-designate the material after a good faith conference and in any event no later than ten (10) days from the date of the objecting notice, the Receiving Party may seek an order of the Court re-designating the material, in which cases the Producing Party will have the burden to show that its designation was proper pursuant to Federal Rule of Civil Procedure 26 or other applicable rule or law.  While any such motion is pending, the Designated Information in question shall continue to be treated as Designated Information as designated pursuant to this Protective Order.

**III.   DISCLOSURE OF DESIGNATED INFORMATION**

(a)   Except as otherwise provided herein, all Designated Information provided in accordance with this Protective Order, and any and all copies thereof, any notes, summaries, excerpts, extracts or other writing made therefrom and the information contained therein, shall be used by the Receiving Party solely for

6

the purpose of the Action and not for any other purpose, including any other litigation or judicial proceedings or any business, commercial, or administrative purpose or function, absent further agreement of the Parties or Court order. Designated Information shall be disclosed solely to and used solely by "Qualified Persons" as defined below.   All Qualified Persons shall retain Designated Information in the strictest confidence and shall not disclose such information to any person who is not a Qualified Person under this Protective Order or use Designated Information for any purpose other than the Action, except as provided herein.

(i)     Confidential Information.   "Qualified Persons" to whom information designated as "Confidential" may be disclosed, on the terms contained herein, shall include only:

(A)     The Court and its officers and clerical staff;

(B)     An arbitrator or mediator;

(C)     Outside counsel for the Parties and the paralegal, clerical, and secretarial staff employed by such counsel;

(D)     Third-party experts and consultants who have specifically been retained to provide advice and consultation in the Action and their regularly employed staff provided that each sign the Written Assurance;

(E)     Any officers, directors, employees, or agents of the Parties whose review of such Confidential information is reasonably necessary in connection with the Action, including in-house counsel for the

7

Parties and the paralegal, clerical and secretarial staff employed by such counsel;

(F)     Outside Vendors, as necessary for use in connection with the Action provided that a representative for each such service signs the Written Assurance;

(G)     Court reporters, stenographers, or videographers who record deposition or other testimony in connection with the Action;

(H)     Any person who is indicated on the face of the Designated Information to have been an author, addressee, or copy recipient thereof;

(I)     Deponents or potential fact witnesses and their counsel, but only to the extent reasonably related to the anticipated subject matter of the deponent's or potential witness's testimony, provided that any Party wishing to show the Designated Information in this category to a witness who is not otherwise a "Qualified Person" under this Protective Order shall confirm that such witness signed the Written Assurance;

(J)     Such other persons as the Court may order upon application of either Party provided that such person sign the Written Assurance; and

(K)     Such other persons as the Producing Party and Receiving Party may agree upon in writing (consent for which shall not be

unreasonably withheld) and who have signed the Written Assurance.

(ii)    Highly Confidential – Outside Attorneys' Only Information. "Qualified Persons" to whom information designated as "Highly Confidential – Outside Attorneys' Eyes Only" may be disclosed, on the terms contained herein, shall include only:

(A)    Qualified Persons described in Part III (a) (i) (A), (B), (C), (F), (G), (H), (J), and (K);

(B)    Qualified Persons described in Part III (a) (i) (D) who have direct need for such Designated Information for purposes of the Action; who are not current or former officers, directors, employees, agents, consultants, contractors, or customers of any Party or any entity that directly competes with, or is a customer of or direct seller to, any Party; and who are performing services solely in connection with the prosecution or defense of the Action; and

(C)    Qualified Persons described in Part III (a) (i) (I) who are current or former officers, directors, employees, or agents of the Producing Party for such Highly Confidential – Outside Attorneys' Eyes Only information.

(b)    <u>Prerequisite to Disclosure of Designated Information</u>.  Designated Information shall not be disclosed to any Qualified Person required hereunder to execute the Written Assurance in order to receive Designated Information until such person or their representative has been provided with a copy of this Protective

9

Order and executed the Written Assurance.  Each executed Written Assurance shall be retained in the files of counsel for the Party who has given such access to the Designated Information for the period of time required by Part XV.  Such executed Written Assurance shall not be subject to disclosure under the Federal Rules unless a showing of good cause is made and the Court so orders.

## IV.    USE OF DESIGNATED INFORMATION

(a)    <u>Filing.</u>  To the extent that a brief, memorandum, or other filing references any Designated Information or discusses any of the information therein, the Parties shall file such document under seal according to the procedures set forth in Local Rule 5.6 and the Sealed Civil User's Guide.

   (i)    Nothing herein shall prevent the Parties' counsel from conferring with counsel to the Party or Parties that originally designated the document prior to a filing to determine whether, with the consent of that Party, the document or a redacted version of the document may be filed with the Court not under seal.

   (ii)    Where agreement is not possible or adequate, or the Parties choose not to confer before filing such document, a document containing Designated Information shall be filed under seal according to the procedures set forth in Local Rule 5.6 and the Sealed Civil User's Guide.

   (iii)    To the extent that it is necessary for a party to discuss the *contents of* any Designated Information in any brief, memorandum, or other filing submitted to the Court, then such portion thereof shall be treated as

10

confidential.  In such circumstances, counsel shall prepare two versions of the filing, a redacted and public version and a full and complete confidential version according to the procedures set forth in Local Rule 5.6 and the Sealed Civil User's Guide.

(iv)     If any party wishes to move the Court for an order seeking relief as to any disputed redaction for the public version of filings under Part IV (a), then that party shall submit its respective proposed redacted version to the Court by email with a letter outlining its respective position and availability for a telephone conference with the Court.  Any other party may respond within one (1) business day and submit its respective proposed redacted version to the Court by email with a letter outlining its respective position and availability for a telephone conference with the Court.  The Court shall attempt to resolve the dispute by telephone conference and without additional legal memoranda.

(b)     <u>Use of Designated Information in Open Court</u>.  Designated Information, and all information contained therein or derived therefrom, may be used or offered into evidence by any Party at trial or any hearing in the Action held in open court, provided that: (a) prior to the use of any Designated Information at trial or any hearing, counsel for the Disclosing Party shall initiate a meet and confer with the Producing Party at least three (3) business days prior to the hearing or trial to discuss in good faith ways to redact the Designated Information so that the material may be offered or otherwise used by any Party, in accordance with the provisions of the Federal Rules and the Federal Rules of Evidence, and (b) if

11

the Parties are unable to resolve a dispute related to such Designated Information, reasonable advance notice, and in any case at least one (1) business day before the commencement of the hearing or trial, shall be given to permit the Producing Party to request additional protections or relief from the Court. Such party providing advance notice pursuant to this section shall identify the documents or information at issue as specifically as possible (*i.e.*, by Bates number, page range, deposition transcript lines, etc.).

(c)     <u>Use of Producing Party's Own Information; Publicly Available Information</u>. A Producing Party may disclose its own Designated Information in any manner it chooses, including to third parties, without impairing or waiving the obligations imposed by this Protective Order upon others. Furthermore, any person indicated on the face of a document to be its originator, author, or a recipient may be shown the document. In the event that any Designated Information is, or properly becomes, a matter of public record, then the Parties will have the same rights to utilize such information as the public at large.

(d)     <u>Deposition Testimony</u>

(i)     <u>Manner of Designation</u>. In the case of depositions, if counsel for a Party or non-party believes that a portion of the testimony given at a deposition should be Designated Information of such Party or non-party, such testimony may be designated as appropriate by:

(A)     Stating so orally on the record and requesting that the relevant portion(s) of testimony be so designated; or

12

(B)      Providing written notice within fourteen (14) days of the Party's or non-party's receipt of the final transcript from the court reporter that the relevant portion(s) of such transcript is so designated, except in the event that a hearing relating to issues in the deposition is scheduled to occur within fourteen (14) days, in which case the foregoing fourteen (14) day period shall be reduced to seven (7) days unless the parties stipulate otherwise. Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that is so designated, and directing the court reporter to treat the transcript as provided herein. Until expiration of the aforesaid fourteen (14) day period or seven (7) day period, as applicable, following receipt of the transcript by the Parties or non-parties, all deposition transcripts shall be considered and treated as "Highly Confidential – Outside Attorneys' Eyes Only" unless otherwise agreed on the record at the deposition. Any error or oversight in failing to identify Designated Information shall not prevent the Parties from seeking such treatment of the information. If the deposition is videotaped, the videotape shall also be subject to the same level of confidentiality as the transcript.

(ii)    <u>Designated Information Used as Exhibits During Depositions</u>.  Nothing in Part IV (d) (i) herein shall apply to or affect the confidentiality designations on documents entered as exhibits at depositions.

(iii)   <u>Witness Review of Deposition Testimony</u>.  Nothing in Part IV (d) (i) herein shall preclude the witness from reviewing his or her deposition transcript.

(iv)   <u>Presence of Certain Persons during Designated Deposition Testimony</u>. When Designated Information is elicited during a deposition, persons not entitled to receive such information under the terms of this Protective Order shall be excluded from the portion of the deposition so designated.

(e)    <u>Responsibilities and Obligations of Court Reporters</u>.  In the event that deposition testimony or testimony at a trial, hearing, or other proceeding is Designated Information, the court reporter, who shall first have agreed to abide by the terms of this Part IV (e), shall be instructed to include on the cover page of each such transcript the legend:  "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith" and each page of the transcript shall include the legend "Confidential" or "Highly Confidential – Outside Attorneys' Eyes Only," as appropriate.  If the deposition is videotaped, the videotape shall also be subject to the same level of confidentiality as the transcript and include the same legend as any portion of the transcript itself so designated.

14

**V.    PROTECTED INFORMATION**

(a)    Inadvertent disclosure or production of Protected Information shall be handled in accordance with Federal Rule of Evidence 502.

(b)    Pursuant to Federal Rule of Evidence 502(d):

(i)    The production of documents and ESI pursuant to this Protective Order shall be without prejudice to and shall not waive, for the purpose of the Action or otherwise, any attorney-client privilege, work product protection, or other privilege or immunity from production that otherwise would apply.

(ii)    Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of Protected Information before production.

(c)    Producing Party will prepare a privilege log in accordance with the Federal Rule of Civil Procedure 26(b)(5)(A)(ii) and in the form described in the ESI Protocol entered in this matter listing responsive documents withheld from production by it on the basis of any privilege.

(d)    Production of Protected Material.  If any document subject to a claim of privilege or protection from disclosure on any basis is nevertheless produced by a Producing Party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim that the document is privileged or otherwise protected from disclosure, and the Receiving Party may not assert the fact or circumstance of such production in support of an

15

argument that any privilege has been waived by the Producing Party. If a Producing Party discovers through any means that it has produced Protected Information, the Producing Party shall provide written notice to the Receiving Party within a reasonable time after discovery, which notice shall include a statement of the basis for the Producing Party's contention that the material produced is Protected Information.

(i)     If a notice is given pursuant to this paragraph by a Producing Party with respect to a document then in the custody of the Receiving Party, the Receiving Party shall promptly return or destroy that document (and all copies thereof); shall destroy all notes or work product reflecting the contents of such document made prior to notification; shall not thereafter use or disclose such document, or the information contained therein, for any purpose in this action or in any other action; and shall take reasonable steps to retrieve the information if the Receiving Party disclosed it before being notified. Notwithstanding the foregoing, if a Receiving Party wishes to contest any privilege claim, counsel for the Receiving Party may sequester all notes and work product reflecting the contents of such document until the claim is resolved.

(ii)    Nothing in this Part V (d) shall increase or diminish the rights of a Party or non-party to contest, or change the manner in which such Party or non-party may contest, any privilege claim to the extent and in the manner permitted by law.

16

(iii)    Notwithstanding the foregoing, (i) affirmative use of ESI or a document by the Producing Party in the Action waives privilege with respect to it, and of other information to the extent provided by Federal Rule of Evidence 502(a); and (ii) upon use in the Action by another Party of ESI or a document, the Producing Party must promptly assert any claimed privilege over it and request return or destruction thereof.

## VI.   DISCLOSURE OF DESIGNATED INFORMATION IN ANY OTHER PROCEEDING

If any Receiving Party receives any request, or believes it is subject to any requirement, to disclose Designated Information from a duly empowered governmental, regulatory, or supervisory agency or authority or court of competent jurisdiction based on a valid law, rule, regulation, or court order, the Receiving Party must give notice to the Producing Party of any such requirement or request (including in connection with any regulatory examination) immediately (and no later than three (3) business days after receipt or notice of any such request or requirement) so that the Producing Party may seek a protective order or other appropriate remedy prior to disclosure of Designated Information by the Receiving Party.  In the event that such protective order or other remedy is not obtained, or the Producing Party gives notice in writing that it will not seek such protective order or other remedy for the Designated Information for purposes of the request or requirement at issue, the Receiving Party shall furnish only that portion of the Designated Information which, upon the advice of its counsel, is legally required and will exercise reasonable efforts to obtain assurances that confidential treatment will be accorded that Designated Information.  To the extent permitted by law, the Receiving Party shall withhold production of the Designated Information until any dispute relating to

the production of such material is resolved.  Notwithstanding the foregoing, if counsel for the Receiving Party believes that providing notice of any anticipated disclosure to the Producing Party is prohibited by law, counsel for the Receiving Party must provide the notice required under this Part VI to outside counsel for the Producing Party to evaluate the claimed prohibition and whether to seek a protective order or other appropriate remedy on behalf of the Producing Party.

## VII.    UNAUTHORIZED DISCLOSURE OF DESIGNATED INFORMATION

In the event of a disclosure by a Receiving Party of Designated Information to persons or entities not authorized by this Protective Order to receive such Designated Information, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure: (i) immediately notify the person or entity to whom the disclosure was made that the disclosure contains Designated Information subject to this Protective Order; (ii) immediately make reasonable efforts to recover the disclosed Designated Information as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and (iii) immediately notify the Producing Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Designated Information and ensure against further dissemination or use thereof.   Disclosure of Designated Information other than in accordance with the terms of this Protective Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

## VIII.   OBJECTIONS TO DISCOVERY REQUESTS

Nothing in this Protective Order shall be deemed to prevent a Party or non-party from objecting to discovery or asserting that information being sought in discovery is of such confidential, personal, or proprietary nature that additional or further limitations on the use or disclosure of such information are required prior to disclosure.  Any party who wishes to challenge any objection pursuant to this Part VIII shall have an obligation to meet and confer with the objecting party within fourteen (14) days from the date of receipt of the objection in a good faith effort to resolve the objection by agreement.  If the Parties are unable to resolve the objection after a good faith conference, any Party may seek an order of the Court.

## IX.   OBLIGATIONS OF PARTIES.

Nothing herein shall relieve a party of its obligations under the Federal Rules, the Local Rules, or any future stipulations and orders regarding the production of documents or the making of timely responses to discovery requests related to the Action.

## X.   ADVICE OF COUNSEL

Nothing herein shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to the Action and, in the course thereof, referring to or relying generally upon his or her examination of Designated Information; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item of Designated Information to any officer, director, employee, or agent of such clients who is not permitted access to such information under the provisions of this Protective Order.

XI.   **ADDITIONAL PARTIES**

In the event additional parties join or are joined in the Action, they shall not have access to Designated Information until the newly-joined party or its counsel (as applicable) has executed its agreement to be fully bound by this Protective Order or an alternative protective order is entered by a Court.  Third parties who produce information in the Action may avail themselves of the provisions of this Protective Order, and Designated Information produced by third parties shall then be treated by the Parties in conformance with this Protective Order.

XII.   **AMENDMENT**

Any Party, for good cause, may apply to the Court for a modification of this Protective Order, provided that the Party seeking such modification shall first attempt in good faith to reach agreement with the other Parties regarding any proposed modification.

XIII.   **JURISDICTION**

The Court shall retain jurisdiction over the Parties and other persons and entities subject to this Protective Order in order to enforce its provisions, including by injunction, the imposition of sanctions for breach, or otherwise, or to amend this Protective Order. The Court shall retain jurisdiction beyond the conclusion of the Action to enforce any provision of this Protective Order.  The Parties, by the signatures of their counsel of record below, expressly consent to such jurisdiction.

XIV.   **CONTINUING OBLIGATION**

The obligations of this Protective Order shall survive the termination of the Action and continue to bind the Parties and other Qualified Persons to whom Designated Information has been disclosed.

20

## XV.   OBLIGATIONS FOLLOWING CONCLUSION OF THE ACTION

Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, each individual or entity subject to the terms of this Protective Order shall destroy or return to counsel for the Producing Party the Designated Information and any and all copies thereof, any notes, summaries, excerpts, extracts, or other writing made therefrom and the information contained therein; provided, however, that such materials may remain in the possession of outside counsel for the Parties and need not be destroyed, but shall remain subject to the terms and conditions of this Protective Order.

## XVI.   PRIOR AGREEMENTS

The Parties agree that the provisions and requirements set forth in this Protective Order supersede all prior agreement with respect to the Designated Information.

## XVII.   SEVERABILITY

To the extent any provision of this Protective Order is determined to be illegal or otherwise unenforceable, such determination shall not affect the enforceability of the remaining terms of this Protective Order.

## XVIII.   ENFORCEMENT

The provisions of this Protective Order constitute an Order of this Court, and violations of the provisions of this Protective Order are subject to enforcement and the imposition of legal sanctions in the same manner as any other order of the Court.

## XIX.   AUTHORITY

Each person who executes this Stipulation on behalf of a Party hereto represents that he is duly authorized to execute this Stipulation on behalf of such Party.

## XX.   PERSONS BOUND

This Protective Order shall be binding upon all counsel and their law firms, the

Parties, and persons made subject to this Protective Order by its terms.


Dated: February 16, 2022                                     _____s/David T. Schultz_____
                                                            DAVID T. SCHULTZ
                                                            U.S. Magistrate Judge